## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.   2:06-cr-147-WKW-SRW |
| | ) | |
| RICARDO CAJERO | ) | |

### GOVERNMENT'S REQUESTED JURY INSTRUCTIONS

COMES NOW the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and respectfully requests that the following Jury Instructions be given to the jury in the above-styled cause.

Respectfully submitted this the 6th day of October, 2006.

LEURA G. CANARY
UNITED STATES ATTORNEY

s/Terry F. Moorer
TERRY F. MOORER
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: terry.moorer@usdoj.gov
ASB-1176-O73T

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO.   2:06-cr-147-WKW-SRW |
| | ) | |
| RICARDO CAJERO | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2006, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Valerie M. Smedley, Esquire, and Calixtro Villarreal, Esquire.

Respectfully submitted,

s/Terry F. Moorer
TERRY F. MOORER
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: terry.moorer@usdoj.gov
ASB-1176-O73T

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  1**

**2.1**

**<u>Duty To Follow Instructions</u>**

**<u>Presumption Of Innocence</u>**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole.  You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

**<u>ANNOTATIONS AND COMMENTS</u>**

<u>In re Winship</u>, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970) (The due process clause protects all criminal defendants "against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."); see also <u>Harvell v. Naple</u>, 58 F.3d 1541,1542(11th Cir. 1995), <u>reh'g denied</u>, 70 F.3d 1287 (11th Cir. 1995).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  2

**3**

### Definition Of Reasonable Doubt

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt.  It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and  common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.  If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

## ANNOTATIONS AND COMMENTS

United States v. Daniels, 986 F.2d 451 (11th Cir. 1993),opinion readopted on rehearing, 5 F.3d 495 (11th Cir. 1993), cert. denied, 114 S.Ct. 1615, 128 L.Ed.2d 342 (1994) approves this definition and instruction concerning reasonable doubt; see also United States v. Morris, 647 F.2d 568 (5th Cir. 1981 ); Victor v. Nebraska, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994) (discussing "reasonable doubt" definition and instruction).

### GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. _3_

#### 4.2

#### Consideration Of The Evidence, Direct
#### And Circumstantial - - Argument Of Counsel
#### Comments By The Court

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

#### ANNOTATIONS AND COMMENTS

<u>United States v. Clark</u>, 506 F.2d 416 (5th Cir. 1975) <u>cert</u>. <u>denied</u>, 421 U.S. 967, 95 S.Ct. 1957, 44 L.Ed.2d 454 (1975) approves the substance of this instruction concerning the lack of distinction between direct and circumstantial evidence; see also <u>United States v. Barnette</u>, 800

3

F.2d 1558,1566(11th Cir. 1986), <u>reh'g</u> <u>denied</u>, 807 F.2d 999 (11th Cir. 1986), cert. denied, 480 U.S. 935, 107 S.Ct. 1578, 94 L.Ed.2d 769 (1987) (noting that the "test for evaluating circumstantial evidence is the same as in evaluating direct evidence") (citing <u>United States v. Henderson</u>, 693 F.2d 1028, 1030 (11th Cir. 1983)).

<u>United States v. Hope</u>, 714 F.2d 1084, 1087 (11th Cir. 1983) ("A trial judge may comment upon the evidence as long as he instructs the jury that it is the sole judge of the facts and that it is not bound by his comments and as long as the comments are not so highly prejudicial that an instruction to that effect cannot cure the error.") (citing <u>United States v. Buchanan</u>, 585 F.2d 100, 102 (5th Cir. 1978)). See also <u>United States v. Jenkins</u>, 901 F.2d 1075 (11th Cir. 1990).

<u>United States v. Granville</u>, 716 F.2d 819, 822 (11th Cir. 1983) notes that the jury was correctly instructed that the arguments of counsel should not be considered as evidence (citing <u>United States v. Phillips</u>, 664 F.2d 971,1031(5th Cir. 1981)); see also <u>United States v. Siegel</u>, 587 F.2d 721, 727 (5th Cir. 1979).

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  4**

**5**

**Credibility Of Witnesses**

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from other testimony or other evidence?

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  5**

7

**Expert Witnesses**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

**ANNOTATIONS AND COMMENTS**

<u>United States v. Johnson</u>, 575 F.2d 1347, 1361 (5th Cir. 1978), <u>cert</u>. <u>denied</u>, 440 U.S. 907, 99 S.Ct. 1214, 59 L.Ed.2d 454 (1979) approved the Committee's former version of this instruction.

6

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 6

### 9.1

### On Or About - - Knowingly - - Willfully

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law.

ANNOTATIONS AND COMMENTS
United States v. Creamer, 721 F.2d 342, 343 (11th Cir. 1983), "on or about" language upheld in case in which alibi defense was used by the Defendant; the court "rejected the contention that time becomes a material element of a criminal offense merely because the defense of alibi is advanced." See also United States v. Reed, 887 F.2d 1398 (11th Cir. 1989), reh'q denied, 891 F.2d 907 (1989), cert. denied, 493 U.S. 1080, 110 S.Ct. 1136, 107 L.Ed.2d 1041 (1990).

United States v. Diecidue, 603 F.2d 535, 548(5th Cir. 1979), cert. denied, 445 U.S. 946, 100 S.Ct. 1345,63 L.Ed.2d 781 (1980), and cert. denied, 446 U.S. 912, 100 S.Ct. 1842, 64 L.Ed.2d 266 (1980) approved these definitions of knowingly and willfully as sufficient instructions on issue of intent. See also United States v. Kerley, 643 F.2d 299 (5th Cir. 1981).

United States v. Kelly, 615 F.2d 378 (5th Cir. 1980) approved refusal to amplify "willfulness" instruction for the purpose of emphasizing specific intent, criminal motive or guilty mind.

7

**United States v. Restrepo-Granda**, 575 F.2d 524 (5th Cir. 1978), <u>reh'g</u> <u>denied</u>, 579 F.2d 644 (1978), <u>cert</u>. <u>denied</u>, 439 U.S. 935, 99 S.Ct. 331, 58 L.Ed.2d 332 (1978), <u>reh'g</u> <u>denied</u>, 439 U.S. 1104,99 S.Ct. 885,59 L.Ed.2d 65(1979); **United States v. Batencort**, 592 F.2d 916 (5th Cir. 1979), instruction on "deliberate ignorance" as equivalent of knowledge may be given as a supplement to the standard charge in an appropriate case.  See Special Instruction 8.

**United States v. Stone**, 9 F.3d 934,937(11th Cir. 1993), <u>reh'g</u> <u>denied</u>, 19 F.3d 1448 (11th Cir. 1994), <u>cert</u>. <u>denied</u>, 115 S.Ct. 111, 130 L.Ed.2d 58 (1994), "deliberate ignorance" instruction appropriate only when evidence in the record shows that the Defendant purposely contrived to avoid learning the truth.  **United States v. Arias**, 984 F.2d 1139 (11th Cir. 1993), <u>cert</u>. <u>denied</u>, 508 U.S. 979, 113 S.Ct. 2979, 125 L.Ed.2d 676 (1993), and cert. denied, 113 S.Ct. 3062, 125 L.Ed.2d 744 (1993) approved deliberate ignorance instruction when drug couriers avoided knowledge of content of their parcels.  See also **United States v. Rivera**, 944 F.2d 1563, 1570-72(11th Cir. 1991); **Batencort**, <u>supra</u>, and Special Instruction 8,infra.

**United States v. Corral Martinez**, 592 F.2d 263 (5th Cir. 1979), Model Penal Code definition of knowledge held not to be plain error when given as an instrudion, i.e., "proof that Defendant was aware of the high probability that the substance he possessed was heroin [suffices to prove knowledge] unless he actually believes it was not heroin."

**United States v. Benson**, 592 F.2d 257 (5th Cir. 1979); **United States v. Warren**, 612 F.2d 887 (5th Cir. 1980), <u>cert</u>. <u>denied</u>, 446 U.S. 956, 100 S.Ct. 2928, 64 L.Ed.2d 815 (1980) approved instruction in a tax evasion case and a currency reporting case, respectively, defining "willfulness" to mean the "voluntary and intentional violation of a known legal duty;" **United States v. Pomponio**, 429 U.S. 10,97 S.Ct. 22, 50 L.Ed.2d 12 (1976), <u>reh'g</u> <u>denied</u>, 429 U.S. 987,97 S.Ct. 510, 50 L.Ed.2d 600 (1976).  See Special Instruction 9, infra.

Other instructions are sometimes given concerning specific types of evidence as giving rise to an inference of guilty knowledge, and some such instructions have been approved (as indicated below), but the Committee recommends that, ordinarily, those subjects should be left to the argument of counsel and should not be addressed in the Court's charge.

**United States v. Stewart**, 579 F.2d 356 (5th Cir. 1978), <u>cert</u>. <u>denied</u>, 439 U.S. 936, 99 S.Ct. 332,58 L.Ed.2d 332 (1978) approved instruction on flight and concealment as justifying inference of guilty knowledge.

**United States v. Barresi**, 601 F.2d 193 (5th Cir. 1979) approved instruction concerning proof of falsity of Defendant's explanation as evidence of guifty knowledge; see also **United States v. Broadwell**, 870 F.2d 594, 601 n.17 (11th Cir. 1989), <u>cert</u>. <u>denied</u>, 493 U.S. 840, 110 S.Ct. 125, 107 L.Ed.2d 85(1989).

**United States v. Knight, 607 F.2d 1172 (5th Cir. 1979) approved instruction concerning inference which might be drawn from refusal of Defendant to obey order requiring submission of handwriting exemplar.**

**United States v. Gastell, 584 F.2d 87 (5th Cir. 1978), cert. denied, 440 U.S. 925, 99 S.Ct. 1256, 59 L.Ed.2d 480 (1979); United States v. Duckett, 583 F.2d 1309 (5th Cir. 1978) approved instruction concerning inference of guilty knowledge which might be drawn from possession of recently stolen property.**

**But, United States v. Chiantese, 560 F.2d 1244, 1255 (5th Cir. 1977) (en banc) disapproved instruction to the effect that, absent evidence to the contrary, a person is presumed to intend the natural and probable consequences of his or her acts.**

GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  7

10.2

Caution - - Punishment
(Single Defendant - - Multiple Counts)

A separate crime or offense is charged in each count of the indictment.  Each charge and the evidence pertaining to it should be considered separately.  The fact that you may find the Defendant guilty or not guilty as to one of the offenses charged should not affect your verdict as to any other offense charged.

I caution you, members of the Jury, that you are here to determine from the evidence in this case whether the Defendant is guilty or not guilty.  The Defendant is on trial only for those specific offenses alleged in the indictment.

Also, the question of punishment should never be considered by the jury in any way in deciding the case.  If the Defendant is convicted the matter of punishment is for the Judge alone to determine later.

ANNOTATIONS AND COMMENTS

There may be cases in which the last sentence of the first paragraph of this instruction is inappropriate and should be deleted.  This may occur, for example, in prosecutions under 18 USC § 1962 (RICO offenses) or 21 USC § 848 (Continuing Criminal Enterprise offenses) where the indictment is structured so that a conviction of one count or counts (sometimes called "predicate offenses") is necessary to a conviction of another count or counts.

10

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. \_8\_

### 11

### <u>Duty To Deliberate</u>

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

### <u>ANNOTATIONS AND COMMENTS</u>

<u>United States v. Brokemond,</u> 959 F.2d 206, 209 (11th Cir. 1992) approved this instruction. See also <u>United States v. Cook</u>, 586 F.2d 572 (5th Cir. 1978), <u>reh'g denied</u>, 589 F.2d 1114 (1979), <u>cert</u>. <u>denied</u>, 442 U. 5. 909, 99 S.Ct. 2821, 61 L.Ed.2d 274 (1979); <u>United States v. Dunbar</u>, 590 F.2d 1340 (5th Cir. 1979).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  9

### 12

### Verdict

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

### [Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at anytime, please  write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.


### ANNOTATIONS AND COMMENTS

**United States v. Norton**, 867 F.2d 1354, 1365-66 (11th Cir. 1989), <u>cert</u>. <u>denied</u>, 491  U.S. 907, 109 S.Ct. 3192, 105 L.Ed.2d 701 (1989) and 493 U.S. 871, 110 S.Ct.  200, 107 L.Ed.2d 154 (1989) notes that the Court should not inquim about, or disclose, numerical division of the jury during deliberations but states that "[r]eversal may not be necessary even wtiere the trial judge undertakes the inquiry and  thereafter follows it with an <u>Allen</u> charge, absent a showing

that either incident or a combination of the two was inherently coercive."  Also, <u>United States</u> <u>v. Brokemond</u>, 959 F.2d 206,209(11th Cir. 1992)approved this instruction.  See also <u>United</u> <u>States v. Cook</u>, 586 F.2d 572 (5th Cir. 1978), <u>reh'g</u> <u>denied</u>, 589 F.2d 1114 (1979), <u>cert</u>. denied, 442 U.S. 909, 99 S.Ct. 2821, 61 L.Ed.2d 274 (1979).

## GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  10

### 6

### Possession

The law recognizes several kinds of possession.  A person may have actual possession or constructive possession.  A person may also have sole possession or joint possession.

A person who knowingly has direct physical control of something is then in actual possession of it.

A person who is not in actual possession, but who has both the power and the intention to later take control over something either alone or together with someone else, is in constructive possession of it.

If one person alone has possession of something, that possession is sole. If two or more persons share possession, such possession is joint.

Whenever the word "possession" has been used in these instructions it includes constructive as well as actual possession, and also joint as well as sole possession.

ANNOTATIONS AND COMMENTS
United States v. Hastamorir, 881 F.2d 1551 (11th Cir. 1989) approved this instruction.

14

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  11**

**85**
**Controlled Substances**
**(Possession With Intent To Distribute)**
**21 U.S.C. § 841 (a)(1)**

Title 21, United States Code, Section 841(a)(1), makes it a Federal crime or offense for anyone to possess a "controlled substance" with intent to distribute it.

Marijuana is a "controlled substance" within the meaning of the law.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

<u>First</u>:        That the Defendant knowingly and willfully possessed
              marijuana as charged;

<u>Second</u>:    That the Defendant possessed the substance with
              the intent to distribute it; and

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

The Defendant is charged in the indictment with possessing with intent to distribute a certain quantity or weight of the alleged controlled substance. However, you may find the Defendant guilty of the offense if the quantity of the controlled substance for which he should be held responsible is less than the amount or weight charged. Thus the verdict form prepared with respect to the Defendant, as I will explain in a moment, will require, if you find the Defendant guilty, to specify on the verdict your unanimous finding concerning the weight of the controlled substance attributable to the Defendant.

**15**

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO.  12**

**87**

**Controlled Substances
(Conspiracy)
21 U.S.C. § 846**

Title 21, United States Code, Section 846 make it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would be a violation of Section 841 (a)(1).  Section 841 (a)(1) makes it a crime for anyone to knowingly possess marijuana or cocaine with intent to distribute it.

So, under the law, a "conspiracy" is an agreement or a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is not necessary for the Government to prove that all of the people named in the indictment were members of the scheme, <u>or</u> that those who <u>were</u> members had entered into any formal type of agreement.  Also, because the essence of a conspiracy offense is the making of the scheme itself, it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case must show beyond a reasonable doubt is:

<u>First</u>:    That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;

<u>Second</u>:    That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it; and

**16**

**Third:**     That the object of the unlawful plan was to possess with intent to distribute marijuana or cocaine, as charged.

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if a Defendant has a general understanding of the unlawful purpose of the plan (including the nature and anticipated weight of the substance involved) and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not, standing alone, establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

The Defendant is charged in the indictment with conspiracy to possess with intent to distribute a certain quantity or weight of the alleged controlled substances. However, you may find the Defendant guilty of the offense if the quantity of the controlled substances for which he should be held responsible is less than the amount or weight charged. Thus the verdict form prepared with respect to the Defendant, as I will explain in a moment, will require, if you find the Defendant guilty, to specify on the verdict your unanimous finding concerning the weight of the controlled substance attributable to the Defendant.

17

## ANNOTATIONS AND COMMENTS

**21 U.S.C. § 846 provides:**

> Any person who attempts or conspires to commit any offense defined in this subchapter [Sections 801 through 904] [shall be guilty of an offense against the United States].

**21 U.S.C. § 963 provides:**

> Any person who attempts or conspires to commit any offense defined in this subchapter [Sections 951 through 966] [shall be guilty of an offense against the United States].

**Maximum Penalty:** Both sections (846 and 963) provide that the penalty shall be the same as that prescribed for the offense which was the object of the conspiracy.

The "knowledge" elaboration upon the pre-existing version of this pattern charge is taken from <u>United States v. Knowles</u>, 66 F.3d 1146, 1155 (11th Cir. 1995).

Unlike 18 U.S.C. § 371 (general conspiracy statute), no overt act need be alleged or proved under either § 846 or § 963, <u>United States v. Shabani</u>, _____ U.S. ___,115 S.Ct. 382, 385-86 (1994); <u>United States v. Ricardo</u>, 619 F.2d 1124,1128 (5th Cir.), <u>cert</u>. <u>denied</u>, 449 U.S. 1063 (1980), nor does the absence of that requirement violate the First Amendment.  <u>United States v. Pulido</u>, 69 F.3d 192, 209 (7th Cir. 1995).

Termination of a conspiracy instruction discussed in <u>United States v. Knowles</u>, 66 F.3d 1146, 1157 (11th Cir. 1995) (no plain error in failing to instruct on this point); <u>see</u> <u>also</u> <u>United States v. Belardo-Quinones</u>, 71 F.3d 941, 944 (1st Cir. 1995).

Acts of concealment are not part of the original conspiracy.  <u>United States v. Knowles</u>, 66 F.3d 1146, 1155-56 (11th Cir. 1995).

For comparative citations analyzing the "mere presence" and "mere association" concepts, <u>see</u> <u>United States v. Lopez-Ramirez</u>, 68 F.3d 438, 440-41 (11th Cir. 1995).

The distinction between conspiracy to commit crime and aiding and abetting in its commission (they are distinct offenses) is illuminated in <u>United States v. Palazzolo</u>, 71 F.3d 1233, 1237 (6th Cir. 1995).

For a discussion of the "buyer-seller rule" (one who merely purchases drugs for personal use does not thereby become a member of a drug distribution conspiracy), <u>see United States v. Ivy</u>, 83 F.3d 1266,1285(10th Cir. 1996), <u>cert</u>. <u>denied</u>, 519 U.S. 901, 117 S.Ct. 253.

18

The Committee recognizes - - and cautions - - that sentence enhancing factors subject to the principle of <u>Apprendi</u>, including weights of controlled substances under 21 U.S.C. § 841(b), are not necessarily "elements" creating separate offenses for purposes of analysis in a variety of contexts.  <u>See United States v. Sanchez</u>, 269 F.3d 1250, 1257 fn. 51(11th Cir. 2001) <u>en banc</u>, <u>cert</u>. <u>denied</u>, _____ U.S. _____ 122 S.Ct. 1327 (2002).  Even so, the lesser included offense model is an appropriate and convenient procedural mechanism for purposes of submitting sentence enhancers to a jury when required by the principle of <u>Apprendi</u>.  This would be especially true in simpler cases involving single Defendants. See Special Instruction 10 and the verdict form provided in the Annotations And Comments following that instruction.  If the lesser included offense approach is followed, using Special Instruction 10 and its verdict form, then the bracketed language in this instruction explaining the significance of weights and the use of a special verdict form specifying weights, should be deleted.

Alternatively, in more complicated cases, if the bracketed language in this instruction concerning weights is made a part of the overall instructions, followed by use of the special verdict form below, then the Third element of the instructions  defining the offense should be deleted.

19

**GOVERNMENT'S REQUESTED JURY INSTRUCTION NO. 13**

**35.2**
**Carrying/Possessing A Firearm During Or In**
**Furtherance Of Drug Trafficking Offense**
**18 U.S.C. § 924(c)(1)(A)**

Title 18, United States Code, Section 924(c)(1), makes it a separate federal crime or offense for anyone to carry a firearm during and in relation to possess a firearm in furtherance of a drug trafficking crime.

The Defendant can be found guilty of that offense as charged in Count 4 of the indictment only if all of the following facts are proved beyond a reasonable doubt:

First:          That the Defendant committed the drug trafficking offense charged in Count 1 or Count 2 of the indictment;

Second:      That during the commission of that offense the Defendant knowingly carried or possessed a firearm, as charged; and

Third:         That the Defendant possessed the firearm "in furtherance of the drug trafficking offense.

The term "firearm" means any weapon which is designed to, or may readily be converted to, expel a projectile by the action of an explosive; and the term includes the frame or receiver of any such weapon or any firearm muffler or firearm silencer.

To "carry" or "possess" a firearm means that the Defendant either had a firearm on or around his person or transported, conveyed or controlled a firearm in such a way that it was available for immediate use if the Defendant so desired during the commission of the drug trafficking offense; and to carry a firearm "in relation to" an offense means that there must be a connection between the Defendant, the firearm, and the drug trafficking offense so that

**20**

the presence of the firearm was not accidental or coincidental, but facilitated the crime by serving some important function or purpose of the criminal activity. To possess a firearm "in furtherance" of an offense means something more than mere presence of a firearm; it must be shown that the firearm helped, furthered, promoted or advanced the offense in some way.

The indictment charges that the Defendant knowingly carried a firearm during and in relation to a drug trafficking offense and possessed a firearm in furtherance of a drug trafficking offense. It is charged, in other words, that the Defendant violated the law as charged in Count 4 in two separate ways. It is not necessary, however, for the Government to prove that the Defendant violated the law in both of those ways. It is sufficient if the Government proves, beyond a reasonable doubt, that the Defendant knowingly violated the law in either way; but, in that event, you must unanimously agree upon the way in which the Defendant committed the violation.


## ANNOTATIONS AND COMMENTS

Title 18 U.S.C. § 924(c)(1) provides:

(c)(1)(A) . . . [a]ny person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in, a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime - -
(i) be sentenced to a term of imprisonment of not less than 5 years;
(ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
(iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

21

(B) If the firearm possessed by a person convicted of a violation of this subsection - -

(i) is a short-barreled rifle, short-barreled shotgun, or semiautomatic assault weapon, the person shall be sentenced to a term of imprisonment of not less than 10 years; or

(ii) is a machine gun or a destructive device, or is equipped with a firearm silencer or firearm muffler, the person shall be sentenced to     a term of imprisonment of not less than 30 years.

**Maximum Penalty:** As stated in statute above and applicable fine. Sentence must be consecutive.

In <u>Bailey v. United States</u>, 516 U.S. 137, 116 S.Ct. 501 (1995), The Court held that "uses" within the meaning of § 924(c)(1) means more than mere possession and more than proximity and accessibility; it requires, instead, active employment of the weapon as by brandishing or displaying it in some fashion.

In 1998, in direct response to <u>Bailey</u> (see H.R. Rep. No. 105-344, Oct. 24,1997, 1997 WL 668339), Congress amended the statute in several respects (Pub. L. 105- 386, Nov. 13, 1998, 112 Stat. 3469) including the insertion of the phrase "or who, in furtherance of any such crime, possesses a firearm . . ." The stated purpose and effect of this amendment was to overcome the <u>Bailey</u> court's constrictive interpretation of the scope of the statute and to extend its reach to any drug trafficking or violent crime in which the Defendant merely possesses a firearm "in furtherance of any such crime."

The Committee therefore anticipates that present and future indictments brought under § 924(c)(1 )(A) will allege either (or perhaps both) "carrying a firearm during and in relation to" or "possession of a firearm in furtherance of" a drug trafficking offense or crime of violence, and that the "use" prong of the statute will be avoided in view of <u>Bailey</u>. <u>See</u> <u>United States v. Timmons</u>, 283 F.3d 1246 (11th Cir. 2002), in which both carrying and possessing were charged. This instruction was prepared for use when either, or both, carrying and possessing are charged in the same count. <u>Timmons</u> is also the primary source of the definitions contained in this instruction.

In <u>Harris v. United States</u>, _____ U.S. _____, _____ S.Ct. _____ (2002) (2002 WL 1357227), the Court held that the provisions of the statute requiring enhanced mandatory minimum sentences if the firearm is brandished or discharged (§ 924(c)(1 )(A)(ii) and (iii)) are sentencing factors for the sentencing judge and are not elements of the offense that must be charged in the indictment and submitted to the jury under the principle of <u>Apprendi</u> which applies to factors that would increase the maximum sentence allowable. See also <u>United States v. Pounds</u>, 230 F.3d 1317, 1319 (ll1th Cir. 2000). Because the decision in Harris rested in part upon the structure of § 924, it is an open question as to whether the decision applies to the sentence enhancing provisions of § 924(c)(1)(B)(i)and (ii). If the indictment alleges one of those

22

factors, the Committee recommends that the issue be submitted to the jury by modifying the instruction to include that factor as a Fourth Element of the offense.

Whether a crime is a crime of violence is a question of law, not of fact.  <u>United States v. Amparo</u>, 68 F.3d 1222 (9th Cir. 1995); <u>United States v. Moore</u>, 38 F.3d 977 (8th Cir. 1994); <u>United States v. Weston</u>, 960 F.2d 212 (1st Cir. 1992); <u>United States v. Adkins</u>, 937 F.2d 947 (4th Cir. 1991). <u>But</u> <u>see</u> <u>United States v. Jones</u>, 993 F.2d 58 (5th Cir. 1993).